FRANCISCO SOTO GRAS, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 970. Submitted January 17, 1936.—Decided January 21, 1936.

*F. Soto Gras, in pro. per.*, for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On December 5, 1935, in Ponce, Jorge Oppenheimer Dalmau, as attorney in fact of Miss Teresa Enriqueta Santiago Oppenheimer, and Francisco Soto Gras entered into a contract whereby the former sold to the latter a piece of property which is described in the conveyance, executed before Notary Francisco Parra Capó, as follows:

"URBAN PROPERTY: Lot situated in block 'M' of Miramar, South Section of the ward of Santurce, in San Juan, Puerto Rico, having

the following lineal mensurements and bounded thus: on the north, front, by M. Fernández Juncos Avenue, formerly Congreso Street, there measuring TWELVE METERS; on the east by land now of Mrs. Carmen Cuyar Gatell de Chardón, there measuring SIXTEEN METERS AND FIFTY CENTIMETERS; on the south by land now of the heirs of Waldemar E. Lee, formerly lot number sixty-two of the subdivision (*urbanización*), there measuring twelve meters; and on the west by lot number sixty-nine of the subdivision, there measuring SIXTEEN METERS AND FIFTY CENTIMETERS; containing in the whole an area of ONE HUNDRED AND NINETY-EIGHT SQUARE METERS.—On the described lot there is a concrete house, built on pillars and floor tiles five, four, and three inches thick, with three separate stories and a penthouse (*mirador*), which house has a frontage of eight meters and measures fourteen meters and sixty centimeters in depth on its left side and sixteen meters and fifty centimeters in depth on its right side.

"TITLE AND LIENS: The property above described, which Mr. Oppenheimer Dalmau, in his aforesaid capacity, declares to be free from all liens, is the remainder of another tract containing six hundred and thirty square meters from which there were first segregated FIFTY-TWO SQUARE METERS AND FIFTY SQUARE CENTIMETERS, for public use, and lately THREE HUNDRED AND EIGHTY-NINE SQUARE METERS which were sold to Mrs. Carmen Cuyar Gatell de Chardón by a deed, number forty-three, executed before the attesting notary herein on the seventeenth of August, one thousand nine hundred and thirty-five, such segregations being recorded in the registry of property and the description and measurements of the said remainder of the property having been taken from a plat, drawn by the engineer J. M. Canals on the twenty-second of November, one thousand nine-hundred and thirty-five; and the above-stated area resulted from the survey made.

"The principal property, of which the lot above described is the remainder, was acquired by Miss Teresa Enriqueta Santiago Oppenheimer by transfer in satisfaction of a claim (*adjudicación en pago*) from the spouses Don Rufino de Goenaga y Fuertes and Doña María Mercedes Lázaro Costa, by deed number seventeen executed on September fifteenth, one thousand nine hundred and thirty-four, before Notary Francisco Parra Toro, of Ponce, and recorded in the Registry of Property of San Juan, at folio FIFTY-FOUR of volume SEVENTY-THREE of Santurce South, property number ONE HUNDRED AND NINETY-SIX, inscription NINETEEN."

Upon the presentation of the instrument for record in the Registry of Property of San Juan, the same was recorded, "after examining another document, at folio 55, volume 73, South, property 196, inscription 20" but "with the curable defect of a failure to describe the principal property." Thereupon the purchaser took the present administrative appeal, in which he urges that said defect is nonexistent and, hence, that the decision appealed from should be reversed as far as the noting of the defect is concerned.

In support of his decision the registrar in his brief says:

"The present case simply deals with the question as to whether a property which is recorded in the registry should be described when a portion thereof is alienated or mortgaged.

"The registrar herein thinks that the principal property should be described and that a mere reference to the volume and folio where the same is recorded is insufficient. (*Cadilla* v. *The Registrar of Property*, 19 P.R.R. 77.)

"This simple question has been decided on repeated occasions by this Hon. Court. The failure to describe the main property from which the tract sought to be recorded is segregated, constitutes a curable defect, as is established by the decisions of the General Directorate of Registries of November 20, 1889, and December 1, 1892. *Franceschi* v. *The Registrar of Property*, 13 P.R.R. 221; *Cadilla* v. *The Registrar of Property*, 19 P.R.R. 77; *Kennedy et al.* v. *Registrar of San Juan*, 26 P.R.R. 720; *Figueroa* v. *Registrar of San Germán*, 31 P.R.R. 360; *Rodríguez* v. *Registrar*, 36 P.R.R. 18; *Cuevas* v. *Registrar*, 40 P.R.R. 26; *Irizarry* v. *Registrar*, 38 P.R.R. 447; *Medraño* v. *Registrar*, 38 P.R.R. 736; *Ramírez* v. *Registrar*, 38 P.R.R. 691. The last-cited case is identical with the one involved in this administrative appeal.

"Moreover, it should be noted that one of the previous segregations made from the original property and containing 52.50 square meters, does not appear to have been recorded, although it is stated on the second page of the appellant's brief that the segregations were recorded; hence, we are further supported by the decision in *Cuevas* v. *Registrar*, 40 P.R.R. 26. We might submit a certificate as to that fact."

In our opinion, the decisions cited by the registrar, taken either singly or together, do not support the existence of the curable defect noted by him. Here it is not a matter of recording a segregation which, as an independent property, might give rise to a new series of inscriptions in the registry. Here it is sought to record the transfer of ownership of the remainder of the principal property, and such remainder, which constituted, by virtue of the segregations made, the principal property itself at the time of the transfer, was all that had to be described, as was duly described in the deed.

In the administrative appeal in *Medraño* v. *Registrar*, 38 P.R.R. 736, this court, speaking through Mr. Justice Aldrey, said:

"In the deed which originated this administrative appeal a description is given of the property from which a segregation (also described) was made and sold to the appellant. The registrar recorded the sale, but noted the curable defect that there was no description by metes and bounds of the remainder of the principal property from which was made the segregation referred to in the deed after the segregations which appear of record. In other words, that defect was assigned because in this sale no description has been given of the property as it was left to the vendors after making the segregations from the original property which appear of record, wherefore the question is whether the principal property which must be described for the purpose of making a segregation is the property left after the previous segregations or the original property without segregations.

"That question was decided in the cases of *Kennedy* v. *Registrar of San Juan*, 26 P.R.R. 720, and *Figueroa* v. *Registrar of San Germán*, 31 P.R.R. 360, in the sense that the main property which must be described is the parcel of land whose ownership remained exclusively in the vendors after the segregations made previously. It is reasonable that it should be so, because in making and alienating this segregation the principal property of the vendors is not the property originally acquired by them and from which they have made several segregations that appear in the registry, but the remainder left after those segregations and from which the segregation has been made and sold to the appellant.

"The case of *Irizarry* v. *Registrar of Mayagüez*, decided July 2, 1928, *ante,* page 447, reversing the decision of the registrar as regards a curable defect assigned by him, cited by both parties, is not applicable to this case because the contention of the registrar in that case was that a description should be given as the principal property of the remainder after making the segregation sold, and that was not the principal property from which the segregation was to be made."

In virtue of all the foregoing, the decision appealed from must be reversed as to that part thereof to which objection has been made, and therefore the record should be made without the defect noted.